Christopher A. Lynch, Esq.
REED SMITH LLP
599 Lexington Avenue
New York, NY 10022-7650
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
Email: clynch@reedsmith.com

*Attorneys for U.S. Bank National Association, as Trustee for CSAB Mortgage-Backed Trust 2006-1 CSAB Mortgage Backed Pass-Through Certificates, Series 2006-1, through the current servicer, Specialized Loan Servicing LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>Carole Richards,<br>                Debtor. | Chapter 13<br>Case No.: 17-12378-cgm |

**JOINDER OF U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CSAB MORTGAGE-BACKED TRUST 2006-1 CSAB MORTGAGE BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-1, THROUGH THE CURRENT SERVICER, SPECIALIZED LOAN SERVICING LLC, TO CHAPTER 13 TRUSTEE'S <u>MOTION TO DISMISS THIS CASE</u>**

U.S. Bank National Association, as Trustee for CSAB Mortgage-Backed Pass-Through Certificates Series 2006-1 ("<u>Secured Lender</u>"), through its current servicer, Specialized Loan Servicing, LLC, by and through its undersigned attorneys, submits its joinder to the Chapter 13 Trustee's motion to dismiss Debtor's Chapter 13 Case pursuant to 11 U.S.C. § 1307(c)(1), (c)(4) and (c)(9), § 521(i) and § 521(e)(2)(A)(i) and (2)(B) (the "<u>Trustee's Motion</u>"). [Dkt. No. 77] In support of its joinder, Secured Lender states:

## The Chapter 13 Case

1. The Debtor commenced this Chapter 13 case on August 28, 2017 (the "Petition Date") by filing a voluntary petition in this Court.

2. Secured Lender filed a Proof of Claim on October 27, 2017 with respect to a mortgage loan secured by Debtor's real property located at 3 E. 128th Street, New York, New York asserting a secured claim in the amount of $1,827,403.81 (the "Proof of Claim") [Claim 3-1].

3. On April 4, 2018, Debtor filed a motion objecting to Secured Lender's Proof of Claim [Dkt. No. 39]. Debtor's motion was denied on June 15, 2018. [Dkt. No. 61]

4. On September 12, 2018, the Chapter 13 Trustee filed her motion to dismiss this case. The Trustee's Motion asserted that the Chapter 13 case should be dismissed because, among other things, Debtor's secured debt of $1,851,522.81 exceeds the $1,184,200 limit under 11 U.S.C. § 109(e) and disqualifies Debtor from proceeding under Chapter 13. *See* Trustee's Motion ¶7. it

5. On October 1, 2018, Debtor filed amended Schedules D and E/F (the "Amended Schedules"). [Dkt. No. 91] Schedule D reflected total secured debt in the amount of $1,867,898.22, an amount even greater than that cited in the Trustee's Motion as exceeding the threshold for secured debt under section 109(e). *See* Exhibit A of Declaration of Christopher A. Lynch (the "Lynch Declaration") (Schedule D) at p. 2 of 2.

6. Included in this amount is Secured Lender's secured claim in the amount of $1,827,403.81, which the Debtor asserts is "disputed". Importantly, the Debtor does not

characterize this claim as being "contingent" or "unliquidated".[1] *See* Lynch Declaration, Exhibit A (Schedule D) at p. 1 of 2.

7. On October 8, 2018, the Debtor filed her response to the Trustee's Motion (the "Debtor's Opposition"). [Dkt. No. 94]. As concerns the Section 109(e) basis for dismissal, the Debtor's Opposition asserted:

> On October 1, 2018, the debtor filed an adversary proceeding, claim 1 of which asks the Court to 1) deny Proof of Claim 3-1 filed by Wells Fargo Bank, N.A. on behalf of U.S. Bank National Association as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSAB Mortgage-Backed Pass-Through Certificates, Series 2006-1, and 2) rule that the lien related to Wells Fargo's action in the New York Supreme Court is invalid. *Pending the resolution of said adversary proceeding*, the debtor's remaining secured debt in Bankruptcy Schedule D is $40,494.41, which is within the Chapter 13 secured debt ceiling.

Debtor's Opposition ¶ 5(A) (emphasis added).

8. The Debtor's Opposition further states that:

> The secured debt limitation of $1,184,200.00, in 11 U.S.C. §109(e), applies to "*noncontingent, liquidated, secured debts of less than…*" [Emphasis supplied.]. Considering the current adversary proceeding, the debtor asserts that the Wells Fargo proof of claim is currently contingent and not liquidated, and the debtor is thus currently compliant with 11 U.S.C. §109(e).

Debtor's Opposition ¶ 5(B).

## The Adversary Proceeding

9. After unsuccessfully challenging Secured Lender's proof of claim, on October 1, 2018, Plaintiff commenced an adversary proceeding seeking to void US Bank's lien on the property located at 3 E. 128th Street, New York, New York (as amended from time to time, the "Complaint").

10. On January 21, 2020, Secured Creditor and Wells Fargo Bank, N.A., Secured Lender's former servicer (together with Secured Lender, the "Defendants"), filed a Motion for

---

[1] Indeed, none of the secured claims are identified as being "contingent" or unliquidated".

Summary Judgment (the "Motion for Summary Judgment") requesting entry of an order dismissing the Complaint. [Dkt. Nos. 86-92] More than three weeks later, on March 12, 2020, Debtor filed a Motion to Expunge (the "Motion to Expunge") seeking to exclude certain documents filed in support of the Motion for Summary Judgment. [Dkt. No. 96] At the March 26, 2020 hearing, the Court denied the Motion to Expunge, and granted the Motion for Summary Judgment.

11. Debtor filed a Motion to Reargue the Motion to Expunge [Dkt. No. 109] and a Motion to Reargue the Motion for Summary Judgment [Dkt. No. 110] (together, the "Motions to Reargue"), both of which Defendants opposed. At a hearing held on May 14, 2020, the Court denied the Motions to Reargue for the reasons set forth on the record.

12. On June 1, 2020, Debtor filed Notices of Appeal of the Motions to Reargue. [Dkt. Nos. 126 and 127] Plaintiff *did not* file a notice of appeal with respect to either (i) the Order denying the Motion to Expunge [Dkt. No. 107] or (ii) the Order granting the Motion for Summary Judgment [Dkt. No. 108]. Both such Orders are final orders.

## ARGUMENT

### The Debtor Is Not Eligible to Be a Debtor Under Chapter 13

13. Section 109(e) of the Bankruptcy Code provides in pertinent part:

> (e) Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $394,725 and noncontingent, liquidated, secured debts of less than $1,184,200 … may be a debtor under chapter 13 of this title.

11 U.S.C. § 109(e).

14. As an initial matter, *despite Debtor's assertions to the contrary in Debtor's Opposition to the Trustee's Motion, filed on October 8, 2018*, none of the obligations set forth in the Debtor's Amended Schedules, filed seven (7) days prior, are identified as being contingent or

unliquidated. This includes Secured Lender's claim in excess of $1.8 million as of the Petition date. *See* Lynch Declaration, Exhibit A (Amended Schedules).[2]

15. It is thus indisputable that, as of the Petition Date, the Debtor's "noncontingent, liquidated, secured debts" exceeded the statutory limit of $1,184,200 and Debtor is therefore ineligible to be a Debtor under Chapter 13.

16. Despite Debtor's argument being disproven by her own sworn statements in the form of the Amended Schedules, the assumption on which Debtor's argument was predicated – that Secured Lender cannot prove ownership of the note and mortgage at the time of the foreclosure – has now proven to be wholly without merit. Specifically, this Court has dismissed with prejudice Debtor's Complaint where she waged a collateral attack on the Judgment of Foreclosure and Sale entered pre-petition in the state court foreclosure action. Secured Lender's claim is therefore not only noncontingent and liquidated, but it is now undisputed.

17. Any alternate argument that Debtor might now assert also fails. It is expected that Debtor will assert that her pending appeal of the Motions to Reargue leaves open the chance that she may ultimately prevail and thereby reduce her secured claims below the statutory limit. Although Debtor made this argument in her Opposition, she is no closer to realizing this today than she was 18 months ago. Indeed, it is very unlikely that this Court's decisions will be reversed. The ultimate disposition of the adversary proceeding, however, does not concern the Trustee's Motion and the Debtor's Chapter 13 eligibility for two reasons.

18. *First*, the Amended Schedules (as well as prior filed versions) indicate that while the Secured Lender's claim was "disputed" as of the Petition Date, it was *not* contingent or unliquidated and therefore is properly included in Debtor's secured claims for eligibility under

---

[2] Debtor amended her schedules in whole or part numerous times in this case, but there have been no amendments subsequent to October 1, 2018. *See* Dkt. Nos. 9, 11, 22, 43, 80.

Chapter 13 such that the Debtor's noncontingent, liquidated, secured debts amount to not less than $1,867,898.22—well in excess of the $1,184,200 limit. Any further amendment of the Debtor's schedules to recharacterize Secured Lender's claim would be without merit, in bad faith, and a further abuse of the bankruptcy process by this Debtor.

19. *Second*, even giving the Debtor the benefit of *all* doubts that she ultimately succeeds at voiding Secured Lender's lien – an outcome that is difficult to fathom in light of the irrefutable evidence that Secured Lender had possession of the note at all relevant times – Debtor's best case scenario is that Secured Lender is the holder of a noncontingent, liquidated, unsecured claim in the amount of 1,827,403.81, which is $1,432,678.81 in excess of the unsecured debt limit for eligibility under Chapter 13. Debtor's best case scenario would still leave her ineligible for Chapter 13, and accordingly, she should not be able to continue in Chapter 13 to the detriment of all parties in interest.

### Post-Petition Liens Should Be Terminated Prior to Dismissal

20. Although the following may not have bearing on whether this Court dismisses the Debtor's Chapter 13 Case, Secured Lender believes it appropriate to raise the issue of post-petition liens that should be terminated prior to dismissal as a result of the Trustee's Motion or otherwise.

21. On or about September 20, 2019, Debtor's counsel filed or caused to be filed in the NYC Department of Finance Office of the City Register a UCC financing statement purporting to secure a loan made by counsel to the Debtor as follows:

> Creditor having extended the above-mentioned Loan to Debtor and Debtor having accepted and acknowledged having received the benefit of same, Debtor promises to repay Creditor or [sic] Creditor's order the sum of Five Thousand Dollars [sic] ($500,000.00), not to exceed legal fees and costs owed by [Debtor] to [creditor] as of the Bullet payment Date, in accordance with a certain note bearing even date

herewith, executed and delivered by Debtor to Creditor (**"Note"**). This promise to repay is secured by the terms of this purchase money Security Agreement.

22. The property serving as collateral for the aforementioned loan is Debtor's townhouse located at 60 E. 126th Street, New York, New York. A true and correct copy of the foregoing UCC Financing Statement (the "126th Street UCC"), which was obtained from the Automated City Register Information System, is attached to the Lynch Declaration as Exhibit B.

23. On or about May 12, 2020, Debtor's counsel also filed or caused to be filed in the NYC Department of Finance Office of the City Register a UCC financing statement purporting to secure a loan made by counsel to the Debtor as follows:

> Creditor having extended the above-mentioned Loan to Debtor and Debtor having accepted and acknowledged having received the benefit of same, Debtor promises to repay Creditor or [sic] Creditor's order the sum of Five Thousand Dollars [sic] ($500,000.00), not to exceed legal fees and costs owed by [Debtor] to [creditor] as of the Bullet payment Date, in accordance with a certain note bearing even date herewith, executed and delivered by Debtor to Creditor (**"Note"**). This promise to repay is secured by the terms of this purchase money Security Agreement.

24. The property serving as collateral for the aforementioned loan is Debtor's townhouse located at 3 E. 128th Street, New York, New York – this is the same real property in which Secured Lender holds a senior lien, the validity and enforceability of which has been confirmed by this Court. A true and correct copy of the foregoing UCC Financing Statement (the "128th Street UCC" and, together with the 126th Street UCC, the "Financing Statements"), which was obtained from the Automated City Register Information System is attached to the Lynch Declaration as Exhibit C.

25. The liens purported to be created by the Financing Statements are of questionable validity and in any event are created in contravention of the automatic stay. *See* 11 U.S.C. § 362(a)(4) (the filing of a petition "operates as a stay, applicable to all entities, of – (4) any act to

create, perfect, or enforce a lien against property of the estate"). Moreover, the docket does not reflect that the Debtor sought this Court's approval to obtain credit under section 364.

26. The lien evidenced by the 128th Street UCC in particular concerns Secured Lender as it encumbers the real property in which Secured Lender holds a lien and which has been the subject of ongoing litigation to challenge that lien. Prior to dismissal of this case, the Creditor identified in the 128th Street UCC should be directed to file a UCC termination statement and take whatever steps as may be necessary to remove any liens such Creditor has placed on the subject property during the course of these proceedings.

## **CONCLUSION**

For the reasons set forth in the Trustee's Motion and herein, Secured Lender respectfully asks that this Court enter an order dismissing this Chapter 13 Case and granting such other or further relief as the Court may deem just and proper.

Dated: New York, New York
June 16, 2020

Respectfully submitted,

REED SMITH LLP

*/s/ Christopher A. Lynch*
Christopher A. Lynch, Esq.
599 Lexington Avenue
New York, NY 10022-7650
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
Email: clynch@reedsmith.com

*Attorney for U.S. Bank National Association, as Trustee for CSAB Mortgage-Backed Trust 2006-1 CSAB Mortgage Backed Pass-Through Certificates, Series 2006-1, through the current servicer, Specialized Loan Servicing LLC*