| UNITED STATES BANKRUPTCY COURT | HEARING DATE: October 29, 2020 |
| SOUTHERN DISTRICT OF NEW YORK | HEARING TIME: 9:00 a.m. |
| ------------------------------------------------------- x | OBJECTION DEADLINE: October 22, 2020 |
| In re: | Case No. 17-12378 (CGM) |
| CAROLE RICHARDS, aka Carole Richards-Branch, dba Horizon Property Management, | (Chapter 13) |
| Debtor. | |
| ------------------------------------------------------- x | |

# EXHIBITS 1-4

Dated: New York, New York  
      October 14, 2020.

WILLIAM K. HARRINGTON  
UNITED STATES TRUSTEE, REGION 2

By: */s/ Alicia M. Leonhard*  
    Alicia M. Leonhard  
    Trial Attorney  
    Leo O'Brien Federal Building  
    11A Clinton Avenue, Room 620  
    Albany, New York 12207  
    Direct Telephone: 202.495.9929  
    Albany Office Telephone: 518.434.4553  
    Email: Alicia.M.Leonhard@usdoj.gov

| NYC DEPARTMENT OF FINANCE<br>OFFICE OF THE CITY REGISTER<br><br>This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document. | <br>2019091200855001003EED70 |
|---|---|

## RECORDING AND ENDORSEMENT COVER PAGE    PAGE 1 OF 7

**Document ID:** 2019091200855001  **Document Date:** 09-20-2019  **Preparation Date:** 09-20-2019
**Document Type:** INITIAL UCC1   FIXTURE FILING
**Document Page Count:** 6

| PRESENTER: | RETURN TO: |
|---|---|
| MUTUAL ABSTRACT CORP. ***PICK UP***<br>132 NASSAU STREET, 812<br>NEW YORK, NY 10038<br>212-964-4686<br>INFO@MUTUALABSTRACT.COM | MUTUAL ABSTRACT CORP. ***PICK UP***<br>132 NASSAU STREET, 812<br>NEW YORK, NY 10038<br>212-964-4686<br>INFO@MUTUALABSTRACT.COM |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| MANHATTAN | 1750 | 43 | Partial Lot | 60 EAST 126TH STREET |

**Property Type:** DWELLING ONLY - 4 FAMILY

### CROSS REFERENCE DATA

CRFN_____ or DocumentID_____ or _____Year____ Reel____ Page____ or File Number_____

### PARTIES

| DEBTOR: | SECURED PARTY: |
|---|---|
| CAROLE RICHARDS<br>3 EAST 128TH STREET, APT. A<br>NEW YORK, NY 10035 | M. BRADFORD RANDOLPH ESQ PLLC<br>45 ROCKEFELLER PLAZA, FL 20<br>NEW YORK, NY 10111 |

### FEES AND TAXES

| Mortgage: | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |
| Recording Fee: | $ | 20.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**
Recorded/Filed  09-20-2019 11:44
City Register File No.(CRFN): 2019000304810

*Annette M Hill*
City Register Official Signature

EXHIBIT 1

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
98774/ M.BR    Tel: 212-759-0097

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

MUTUAL ABSTRACT CORP.
132 NASSAU STREET, SUITE 812
NEW YORK, NY 10038

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| RICHARDS | CAROLE | | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 3 EAST 128TH STREET, APT. A | NEW YORK | NY | 10035 | USA |
| 1d. SEE INSTRUCTIONS  Not Applicable | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 2d. SEE INSTRUCTIONS  Not Applicable | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any ☐ NONE |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| M. BRADFORD RANDOLPH ESQ PLLC | | | | |
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 45 ROCKEFELLER PLAZA, FL 20 | NEW YORK | NY | 10111 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

SEE AGREEMENT ATTACHED.

**5. ALTERNATIVE DESIGNATION [if applicable]:** ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

**6.** ☑ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.  Attach Addendum [if applicable]   **7.** Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional]  ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

**8. OPTIONAL FILER REFERENCE DATA**

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

2019091200855

# UCC FINANCING STATEMENT ADDENDUM

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**9. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT**

9a. ORGANIZATION'S NAME:

OR

9b. INDIVIDUAL'S LAST NAME: **RICHARDS**
FIRST NAME: **CAROLE**
MIDDLE NAME, SUFFIX:

10. MISCELLANEOUS:

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**11. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one name (11a or 11b) - do not abbreviate or combine names

11a. ORGANIZATION'S NAME:

OR

11b. INDIVIDUAL'S LAST NAME:
FIRST NAME:
MIDDLE NAME:
SUFFIX:

11c. MAILING ADDRESS:
CITY:
STATE:
POSTAL CODE:
COUNTRY:

11d. SEE INSTRUCTIONS: Not Applicable
ADD'L INFO RE ORGANIZATION DEBTOR:
11e. TYPE OF ORGANIZATION:
11f. JURISDICTION OF ORGANIZATION:
11g. ORGANIZATIONAL ID #, if any: ☐ NONE

**12.** ☐ ADDITIONAL SECURED PARTY'S or ☐ ASSIGNOR S/P'S NAME - insert only one name (12a or 12b)

12a. ORGANIZATION'S NAME:

OR

12b. INDIVIDUAL'S LAST NAME:
FIRST NAME:
MIDDLE NAME:
SUFFIX:

12c. MAILING ADDRESS:
CITY:
STATE:
POSTAL CODE:
COUNTRY:

13. This FINANCING STATEMENT covers ☐ timber to be cut or ☐ as-extracted collateral, or is filed as a ☑ fixture filing.

14. Description of real estate:

**60 EAST 126TH STREET**
**NEW YORK, NY 10035**

**BLOCK: 1750**
**LOT: 43**

15. Name and address of a RECORD OWNER of above-described real estate (if Debtor does not have a record interest):

16. Additional collateral description:

17. Check only if applicable and check only one box.
Debtor is a ☐ Trust or ☐ Trustee acting with respect to property held in trust or ☐ Decedent's Estate

18. Check only if applicable and check only one box.
☐ Debtor is a TRANSMITTING UTILITY
☐ Filed in connection with a Manufactured-Home Transaction — effective 30 years
☐ Filed in connection with a Public-Finance Transaction — effective 30 years

FILING OFFICE COPY — UCC FINANCING STATEMENT ADDENDUM (FORM UCC1Ad) (REV. 05/22/02)

## APARTMENT BUILDING
## SECURITY AGREEMENT
### 60 East 126th Street, New York, NY 10035

**This Security Agreement** is made on June 13th, 2019, between Carole Richards, whose resides at 3 E. 128th Street, Apt. A, New York, NY 10035, (**"Debtor"**), and M. Bradford Randolph ESQ PLLC, a professional limited liability company organized under the laws of the State of New York, whose address is 45 Rockefeller Plaza, FL 20, New York, New York County, New York 10111, (**"Creditor"**).

**Whereas**, Creditor has agreed to loan Debtor up to the amount of five hundred thousand U.S. dollars ($500,000), in the form of unpaid legal fees and costs, to which Debtor has agreed (**"Loan"**), with such Loan being secured by Debtor's property located at 3 E. 128th Street, New York, NY 10035 (Block 1750, Lot 43), together with all buildings and improvements thereon, of which she is the sole owner, hereinafter referred to as **60 E. 126th Street**, not to conflict with any prior assignment of said property, and

**Whereas**, Creditor requires and Debtor hereby agrees to give as security for the Loan a purchase money security interest in 3 E. 128th Street, the following terms and conditions are hereby set forth and agreed to:

1. **PROMISE TO PAY THE LOAN SECURED.** Creditor having extended the above-mentioned Loan to Debtor and Debtor having accepted and acknowledged having received the benefit of same, Debtor promises to repay to Creditor or Creditor's order the sum of Five Thousand Dollars ($500,000.00), not to exceed legal fees and costs owed by Richards to MBR as of the Bullet Payment Date, in accordance with a certain note bearing even date herewith, executed and delivered by Debtor to Creditor (**"Note"**). This promise to repay is secured by the terms of this purchase money Security Agreement.

2. **THE PROPERTY COVERED BY THIS SECURITY AGREEMENT.**

    A. The Security covered by this Security Agreement is 60 E. 126th Street.

    B. If Debtor fails to keep any of the promises made by Debtor in the Note or this Security Agreement, Debtor authorizes the Creditor to take possession of the Security and to sell 3 E. 128th Street, exclusive of the personal property therein, to satisfy the Debtor's monetary obligation as set forth in the Note, together with agreed interest.

3. **GUARANTY THAT DEBTOR OWNS THE SECURITY FREE AND CLEAR.**

    A. Debtor states and guarantees that (1) there is no pledge, disposition of, mortgage,

1

lien, charge upon, or security interest in said Security due or owing, other than a loan from HSBC Mortgage Corporation, which loan is currently being contested by suit brought by Borrower in the New York Supreme Court, New York County, which would take precedence over this Security Agreement; (2) there are no outstanding mechanic's liens for work done in, or materials furnished for, said 60 East 126th Street; and (3) there are no unsatisfied judgments, liens, or bankruptcies against or involving Debtor or Debtor's property, other than those items mentioned in this subparagraph A.

    B.    Debtor pledges to defend Debtor's property interest in the Security against any and all claims.

4. **DEBTOR'S RIGHTS PRIOR TO, AND RESPONSIBILITIES AFTER, DEFAULT.** Before any default under this Security Agreement, Debtor shall have all the rights, responsibilities, and privileges as owner of 3 E. 128th Street, not inconsistent with this Security Agreement. After any default under this Security Agreement, except as otherwise provided by this Security Agreement, the legal obligations imposed by the Lease upon Debtor shall continue to be fulfilled as if no default had occurred.

5. **WRITTEN STATEMENTS OF AMOUNT DUE.** Debtor agrees, within 10 days after written request by Creditor, to furnish Creditor with a written statement, duly acknowledged, of the amount due pursuant to the Note and this Security Agreement and whether any offsets, defenses, or equities exist against Creditor's claim for the debt.

6. **NO SALE OF SECURITY.** If Debtor sells, transfers or surrenders the Security without Creditor's prior written approval, Creditor may require the immediate payment in full of the entire amount due under the Note or this Security Agreement. Creditor shall not exercise this right if prohibited by law.

7. **NOTICES AND DEMANDS.** All notices and demands provided for by this Security Agreement shall be in writing and sent by certified mail, return receipt requested, to the party or parties at the addresses set forth at the beginning of this Security Agreement.

8. **EXPENSE OF LEGAL PROCEEDINGS.** If any action or proceeding be commenced to which Creditor is made a party, or in which it becomes necessary to defend or uphold Creditor's rights under the Note or this Security Agreement, any sums paid by Creditor for the expense of such litigation, including reasonable counsel fees, shall be reimbursed by Debtor, with interest thereon at the rate specified in the Note. Debtor further agrees that any such sums shall be added to the amount owed to Creditor and shall be secured by the Security.

2

9.  **NO ORAL MODIFICATION OF AGREEMENT.** This Security Agreement represents the entire contract between the parties and no provision hereof may be waived, modified, or canceled except in a writing signed by the party against whom the enforcement of any waiver, modification, or cancellation is sought.

10. **RESPONSIBLE PARTIES.** If more than one person signs this Security Agreement, each will be fully responsible for complying with its terms.

11. **SUCCESSORS AND ASSIGNS.** The Security Agreement shall also apply to and bind the distributees, heirs, executors, administrators, legal representatives, successors, and assigns of the respective parties. Creditor shall retain any rights Creditor may otherwise have that are not set forth in this Security Agreement. Creditor may not assign Creditor's rights under this Security Agreement without Debtor's consent.

12. **CAPTIONS.** The captions in this Security Agreement are solely for reference and the convenience of the parties. They are not a part of the agreement between the parties, and shall not be considered by any court in the interpretation of this Security Agreement or any of its provisions.

13. **LAW GOVERNING THIS AGREEMENT AND SEVERABILITY OF PROVISIONS.** This Security Agreement shall be construed and governed by the laws of the State of New York. In the case of a conflict between a statute, regulation, or judicial decision and a provision in this Security Agreement, the statute, regulation, or judicial decision shall control and the affected provision shall be without effect and separable from the remaining provisions and the invalid provision shall not affect the validity or enforceability of the remaining provisions.

BORROWER

*Carole Richards*  6/13/2019
Carole Richards

3

State of New York    )
                     )    ss.:
County of New York   )

On the 13th day of June, in the year 2019, before me, the undersigned, personally appeared Carole Richards, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____M. J T_____
M. Bradford Randolph, Notary Public

```
M BRADFORD RANDOLPH
NOTARY PUBLIC STATE OF NEW YORK
NEW YORK COUNTY
LIC. # 02RA6118455
COMM. EXP. 11/08/2020
```

4

| NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER |  |
|---|---|
| This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document. | 2020051200261001003EDD6F |

## RECORDING AND ENDORSEMENT COVER PAGE

PAGE 1 OF 8

**Document ID:** 2020051200261001  
**Document Type:** INITIAL UCC1  
**Document Page Count:** 7  
**Document Date:** 05-12-2020  
**Preparation Date:** 05-12-2020  
**FIXTURE FILING**

| PRESENTER: | RETURN TO: |
|---|---|
| MUTUAL ABSTRACT CORP. ***PICK UP*** <br> 132 NASSAU STREET, 812 <br> NEW YORK, NY 10038 <br> 212-964-4686 <br> INFO@MUTUALABSTRACT.COM | MUTUAL ABSTRACT CORP. ***PICK UP*** <br> 132 NASSAU STREET, 812 <br> NEW YORK, NY 10038 <br> 212-964-4686 <br> INFO@MUTUALABSTRACT.COM |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| MANHATTAN | 1753 | 5 | Partial Lot | 3 EAST 128 STREET |

**Property Type:** 1-2 FAMILY DWELLING WITH ATTACHED GARAGE

### CROSS REFERENCE DATA

CRFN_____ *or* DocumentID_____ *or* _____ Year____ Reel____ Page____ *or* File Number_____

### PARTIES

| DEBTOR: | SECURED PARTY: |
|---|---|
| CAROLE RICHARDS <br> 3 EAST 128TH STREET <br> NEW YORK, NY 10035 | M. BRADFORD RANDOLPH ESQ PLLC <br> 45 ROCKEFELLER PLAZA, FL 20 <br> NEW YORK, NY 10111 |

### FEES AND TAXES

| Mortgage: | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | | |
| TASF: | $ | 0.00 | | | |
| MTA: | $ | 0.00 | | | |
| NYCTA: | $ | 0.00 | | | |
| Additional MRT: | $ | 0.00 | | | |
| TOTAL: | $ | 0.00 | | | |
| Recording Fee: | $ | 20.00 | | | |
| Affidavit Fee: | $ | 0.00 | | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**

Recorded/Filed 05-13-2020 10:56  
City Register File No.(CRFN): **2020000146385**

*Annette M Hill*  
**City Register Official Signature**

EXHIBIT 2

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
M.BR    1029

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

MUTUAL ABSTRACT CORP.
132 NASSAU STREET, SUITE 812
NEW YORK, NY 10038

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

1a. ORGANIZATION'S NAME

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| RICHARDS | CAROLE | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 3 EAST 128TH STREET | NEW YORK | NY | 10035 | USA |

1d. SEE INSTRUCTIONS — Not Applicable | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any — NONE

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

2a. ORGANIZATION'S NAME

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

2d. SEE INSTRUCTIONS — Not Applicable | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any — NONE

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

3a. ORGANIZATION'S NAME
**M. BRADFORD RANDOLPH ESQ PLLC**

OR

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 45 ROCKEFELLER PLAZA, FL 20 | NEW YORK | NY | 10111 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

SEE AGREEMENT ATTACHED.

**5.** ALTERNATIVE DESIGNATION [if applicable]: ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

**6.** ☑ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable]
**7.** Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

**8.** OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

2020051200261

# UCC FINANCING STATEMENT ADDENDUM
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**9. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT**

9a. ORGANIZATION'S NAME

OR

| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME, SUFFIX |
|---|---|---|
| RICHARDS | CAROLE | |

10. MISCELLANEOUS:

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**11. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one name (11a or 11b) - do not abbreviate or combine names

11a. ORGANIZATION'S NAME

OR

| 11b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 11d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 11e. TYPE OF ORGANIZATION | 11f. JURISDICTION OF ORGANIZATION | 11g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| Not Applicable | | | | ☐ NONE |

**12.** ☐ ADDITIONAL SECURED PARTY'S or ☐ ASSIGNOR S/P'S NAME - insert only one name (12a or 12b)

12a. ORGANIZATION'S NAME

OR

| 12b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 12c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

13. This FINANCING STATEMENT covers ☐ timber to be cut or ☐ as-extracted collateral, or is filed as a ☑ fixture filing.

14. Description of real estate:

**3 EAST 128TH STREET**
**NEW YORK, NY**


**BLOCK: 1753**
**LOT: 5**

15. Name and address of a RECORD OWNER of above-described real estate (if Debtor does not have a record interest):

16. Additional collateral description:

17. Check only if applicable and check only one box.
Debtor is a ☐ Trust or ☐ Trustee acting with respect to property held in trust or ☐ Decedent's Estate

18. Check only if applicable and check only one box.
☐ Debtor is a TRANSMITTING UTILITY
☐ Filed in connection with a Manufactured-Home Transaction — effective 30 years
☐ Filed in connection with a Public-Finance Transaction — effective 30 years

FILING OFFICE COPY — UCC FINANCING STATEMENT ADDENDUM (FORM UCC1Ad) (REV. 05/22/02)

# APARTMENT BUILDING
# SECURITY AGREEMENT
# 3 East 128th Street, New York, NY 10035

**This Security Agreement** is made on June 13, 2019, between Carole Richards, whose resides at 3 E. 128th Street, Apt. A, New York, NY 10035, (**"Debtor"**), and M. Bradford Randolph ESQ PLLC, a professional limited liability company organized under the laws of the State of New York, whose address is 45 Rockefeller Plaza, FL 20, New York, New York County, New York 10111, (**"Creditor"**).

**Whereas**, Creditor has agreed to loan Debtor up to the amount of five hundred thousand U.S. dollars ($500,000), in the form of unpaid legal fees and costs, to which Debtor has agreed (**"Loan"**), with such Loan being secured by Debtor's property located at 3 E. 128th Street, New York, NY 10035 (Section 6, Block 1753, Lot 5), together with all buildings and improvements thereon, of which she is the sole owner, hereinafter referred to as **3 E. 128th Street**, not to conflict with any prior assignment of said property, and

**Whereas**, Creditor requires and Debtor hereby agrees to give as security for the Loan a purchase money security interest in 3 E. 128th Street, the following terms and conditions are hereby set forth and agreed to:

1. **PROMISE TO PAY THE LOAN SECURED.** Creditor having extended the above-mentioned Loan to Debtor and Debtor having accepted and acknowledged having received the benefit of same, Debtor promises to repay to Creditor or Creditor's order the sum of Five Thousand Dollars ($500,000.00), not to exceed legal fees and costs owed by Richards to MBR as of the Bullet Payment Date, in accordance with a certain note bearing even date herewith, executed and delivered by Debtor to Creditor (**"Note"**). This promise to repay is secured by the terms of this purchase money Security Agreement.

2. **THE PROPERTY COVERED BY THIS SECURITY AGREEMENT.**

   A. The Security covered by this Security Agreement is 3 E. 128th Street.

   B. If Debtor fails to keep any of the promises made by Debtor in the Note or this Security Agreement, Debtor authorizes the Creditor to take possession of the Security and to sell 3 E. 128th Street, exclusive of the personal property therein, to satisfy the Debtor's monetary obligation as set forth in the Note, together with agreed interest.

3. **GUARANTY THAT DEBTOR OWNS THE SECURITY FREE AND CLEAR.**

   A. Debtor states and guarantees that (1) there has been no other pledge, disposition of,

1

mortgage, lien, charge upon, or security interest in said Security, except (a) for the current mortgage claimed by Wells Fargo Bank, N.A., which claim is currently being contested in the U.S. Bankruptcy Court in the Southern District of New York and in the New York State Appellate Division of the Supreme Court, 1st Department, and (b) a loan from OCWEN/GMAC which is no longer due and owing, which Wells Fargo Bank, N.A. may take precedence over this Security Agreement, depending on the outcome of litigation; (2) there are no outstanding mechanic's liens for work done in, or materials furnished for 3 E. 128th Street; and (3) there are no unsatisfied judgments, liens, or bankruptcies against or involving Debtor or Debtor's property, other than those items mentioned in this subparagraph A.

  B. Debtor pledges to defend Debtor's property interest in the Security against any and all claims.

4. **DEBTOR'S RIGHTS PRIOR TO, AND RESPONSIBILITIES AFTER, DEFAULT.** Before any default under this Security Agreement, Debtor shall have all the rights, responsibilities, and privileges as owner of 3 E. 128th Street, not inconsistent with this Security Agreement. After any default under this Security Agreement, except as otherwise provided by this Security Agreement, the legal obligations imposed by the Lease upon Debtor shall continue to be fulfilled as if no default had occurred.

5. **WRITTEN STATEMENTS OF AMOUNT DUE.** Debtor agrees, within 10 days after written request by Creditor, to furnish Creditor with a written statement, duly acknowledged, of the amount due pursuant to the Note and this Security Agreement and whether any offsets, defenses, or equities exist against Creditor's claim for the debt.

6. **NO SALE OF SECURITY.** If Debtor sells, transfers or surrenders the Security without Creditor's prior written approval, Creditor may require the immediate payment in full of the entire amount due under the Note or this Security Agreement. Creditor shall not exercise this right if prohibited by law.

7. **NOTICES AND DEMANDS.** All notices and demands provided for by this Security Agreement shall be in writing and sent by certified mail, return receipt requested, to the party or parties at the addresses set forth at the beginning of this Security Agreement.

8. **EXPENSE OF LEGAL PROCEEDINGS.** If any action or proceeding be commenced to which Creditor is made a party, or in which it becomes necessary to defend or uphold Creditor's rights under the Note or this Security Agreement, any sums paid by Creditor for the expense of such litigation, including reasonable counsel fees, shall be reimbursed by Debtor, with interest thereon at the rate specified in the Note. Debtor further agrees that any such sums shall be added to the amount owed to Creditor and shall be secured by the Security.

2

9. **NO ORAL MODIFICATION OF AGREEMENT.** This Security Agreement represents the entire contract between the parties and no provision hereof may be waived, modified, or canceled except in a writing signed by the party against whom the enforcement of any waiver, modification, or cancellation is sought.

10. **RESPONSIBLE PARTIES.** If more than one person signs this Security Agreement, each will be fully responsible for complying with its terms.

11. **SUCCESSORS AND ASSIGNS.** The Security Agreement shall also apply to and bind the distributees, heirs, executors, administrators, legal representatives, successors, and assigns of the respective parties. Creditor shall retain any rights Creditor may otherwise have that are not set forth in this Security Agreement. Creditor may not assign Creditor's rights under this Security Agreement without Debtor's consent.

12. **CAPTIONS.** The captions in this Security Agreement are solely for reference and the convenience of the parties. They are not a part of the agreement between the parties, and shall not be considered by any court in the interpretation of this Security Agreement or any of its provisions.

13. **LAW GOVERNING THIS AGREEMENT AND SEVERABILITY OF PROVISIONS.** This Security Agreement shall be construed and governed by the laws of the State of New York. In the case of a conflict between a statute, regulation, or judicial decision and a provision in this Security Agreement, the statute, regulation, or judicial decision shall control and the affected provision shall be without effect and separable from the remaining provisions and the invalid provision shall not affect the validity or enforceability of the remaining provisions.

BORROWER

_Carole Richards_    6/13/2019

Carole Richards

3

State of New York      )
                       )                    ss.:
County of New York     )

On the 13th day of June, in the year 2019, before me, the undersigned, personally appeared Carole Richards, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_M. ㄲ7_____
M. Bradford Randolph, Notary Public

```
M BRADFORD RANDOLPH
NOTARY PUBLIC STATE OF NEW YORK
NEW YORK COUNTY
LIC. # 02RA6118455
COMM. EXP.  11/08/2020
```

4

# AUTHENTICATING STATEMENT
# AUTHORIZING THE FILING OF A FINANCING STATEMENT

Name of Lender/Secured Party: <u>M. Bradford Randolph ESQ PLLC</u>

Name of Borrower (s)/Debtor(s): <u>Carole Richards</u> (Note: Any person or entity that will have an ownership interest in the collateral for the loan must sign this form.)

Loan #: <u>001</u>

Townhouse and adjacent land and property located at 3 East 128th Street, New York, NY 10035 (Section 6, Block 1753, Lot 5)

By signing this form, I/we authorize the filing of a Financing Statement and other Uniform Commercial Code forms as may be needed, which will act to perfect the contemplated security interest in the property described above. It is understood that the deed will be pledged to the Lender/Secured Party as collateral in connection with the loan.

_[signature]_      6/13/2019
Borrower's name: Carole Richards     Date signed

_[signature]_ M.      6/13/2019
Notary Public     Date signed

```
M BRADFORD RANDOLPH
NOTARY PUBLIC STATE OF NEW YORK
NEW YORK COUNTY
LIC. # 02RA6118455
COMM. EXP. 11/08/2020
```

# M. Bradford Randolph, Esq., PLLC

45 Rockefeller Plaza, FL 20  
New York, New York 10111

*Office:* (212) 759-0097  
*Cell:* (212) 759-0096  
*E-mail*: mbr@mbrlawfirm.com

Hon. Cecelia G. Morris, Chief Judge  
United States Bankruptcy Court, SDNY  
One Bowling Green  
New York, NY 10004-1408

June 17, 2020

**Re:** Carole Richards, Debtor: 17-12378-cgm

To: Judge Morris,

    I am writing to briefly address yesterday's filing by Christopher Lynch, as attorney for U.S. Bank National Association, as trustee for the Credit Suisse Trust, relating to their joinder notice (Doc 153), regarding the Chapter 13 Trustee's motion to dismiss. Their joinder notice was filed two days before this Thursday's court appearance, and there is not sufficient time for the debtor, and I, to fully digest their submission.

    Furthermore, paragraph 12 of their joinder notice, states that I filed notices of appeal regarding the Motions to Reargue, but I did not file a notice of appeal with respect to the two related orders. I double-checked the papers that were filed, and that is not correct. In any event, I do not understand why they are writing about that to this court, instead of addressing that matter in the appellate court.

    The ACRIS filings referenced in the joinder notice relate to attorney fees and costs that I expected, at the time of filing, may be incurred in my representation of the debtor, particularly as the case progressed. It has always been my understanding that the debtor's bankruptcy filing is different than others for which I have been retained, in that the debtor's plan provides for a 100% payout to the unsecured creditors and that I cannot collect on the lien(s) before the secured creditor's claim was resolved.

    It never occurred to me that any part of the funds would, or could, be paid to my firm before the issues related to Wells Fargo's proof of claim were resolved.

    Regarding my firm's ACRS filings, I estimated the lien amount based on the maximum attorney fees that I expected would be incurred. I have used this process in the past, on a non-bankruptcy matter, and I understand that the lien amount must be supported by records before the funds will be paid out; in that matter, I did not receive the entire amount of the lien because my fees and costs were less than the lien amount.

    Also, the reason two ACRIS filings were made was not because the debtor's attorney fees began to exceed the amount of the first filing, but because the debtor and I did not know which of the debtor's two properties would ultimately be sold.

EXHIBIT 3

I further note that in my prior work in the bankruptcy court, over many years, this situation had not presented itself, and it did not occur to me to ask the court for permission to file the ACRIS documents. I am now considering taking steps to cancel the current ACRIS filings, and will also consider asking the court, via a Section 364 filing, for permission to re-file.

The debtor's counsel also notes that the trustee's motion to dismiss has twice been addressed by the Court and adjourned awaiting the results of the issues that have arisen related to Wells Fargo Proof of Claim 3-1.

Respectfully submitted,

/s/ *M. Bradford Randolph*
M. Bradford Randolph

cc: Christopher A. Lynch, Esq. (*via* ECF and e-mail)

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court

  Southern   District Of New York

**In re:** Carole Richards

                                                             Case No. 17-12378

**Debtor**                                                                    Chapter 13

**DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR**

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept ........................................................... ..$ 550 per hour

    Prior to the filing of this statement I have received ................................................$ 117,745

    Balance Due ........................................................................................................$ 486,039

2. The source of the compensation paid to me was:

    X Debtor                   __ Other (specify)

3. The source of compensation to be paid to me is:

    X Debtor                   __ Other (specify)

4.    X I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with another person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy [Note: I was not representing the debtor when she filed for bankruptcy on August 28, 2017.]

    b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

    c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof [Note: I was not representing the debtor regarding her bankruptcy filing at the time she appeared at the meeting of creditors.];

EXHIBIT 4

1

B2030 (Form 2030) (12/15)

      d.    Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

      e.    [Other provisions as needed]

6.  By agreement with the debtor(s), the above-disclosed fee(s) do not include the following services:

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

/s/ *M. Bradford Randolph*
_____
M. Bradford Randolph

M. Bradford Randolph Esq. PLLC

July 30, 2020